1:26-mj-3192-RJS

**AFFIDAVIT AND PROBABLE CAUSE FOR MISDEMEANOR ARREST AND CHARGING BY INFORMATION FILED BY THE U.S. ATTORNEY**

I, Michael J. Thomas, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I am a Special Agent ("SSA") employed with the Office of the United States Department of Homeland Security Investigations ("HSI"), and, as such, I am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in the enforcement of criminal and immigration laws and am within a category of officers authorized by the Attorney General to act in that capacity.

2. I have served with HSI or its legacy agencies as a SA since 2002. Currently, I am assigned to the HSI Cleveland Office. I earned a bachelor's degree (B.A.) in business administration from Ohio Northern University. Before my employment with HSI, I served for approximately two (2) years in the U.S. Secret Service Uniform Division working on protective details for then, Vice-President of the United States, Dick Cheney and President of the United States George W. Bush.

3. As a SA for HSI, I received basic investigative training at the Federal Law Enforcement Training Center, facilities in Georgia. I received field training and accrued practical experience in advanced investigative techniques, and case preparation. I have extensive experience investigating transnational crime, as well as criminal immigration investigations involving crimes against children, drug trafficking, and other border-crossing related identity type fraud cases. I have also completed training at the Federal Law Enforcement Training Center ("FLETC").

4. The facts in this affidavit come from my personal knowledge and observations, my training and experience, information obtained from other agents and witnesses, the HSI/DHS "A-File" (Alien File) of the defendant, the State of Ohio and Cuyahoga County Voting Records, and also from a March 9, 2026, recorded voluntary interview conducted by HSI agents with ZUBERI at his home. While there are many facts from this investigation set forth below, this affidavit does not contain every aspect known to me concerning this investigation but only contains those facts necessary to establish sufficient probable cause for the requested complaint and arrest warrant.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 611(a) (Voting by Aliens) has been committed by ARSHED ZUBERI ("ZUBERI").

## STATUTORY AUTHORITY

6. Title 18, United States Code, Section 611 (Voting by aliens), states:

"(a) It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, unless—

(1) the election is held partly for some other purpose;
(2) aliens are authorized to vote for some other purpose under a State constitution or statute or a local ordinance; and
(3) voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.

(b) Any person who violates this section shall be fined under this title, imprisoned not more than one year, or both.

(c) Subsection (a) does not apply to an alien if—
(1) each natural parent of the alien (or, in the case of an adopted alien, each adoptive parent of the alien) is or was a citizen (whether by birth or naturalization);
(2) the alien permanently resided in the United States prior to attaining the age of 16; and

(3) the alien reasonably believed at the time of voting in violation of such subsection that he or she was a citizen of the United States."

**PROBABLE CAUSE**

7. ZUBERI was born on November 11, 1957, in Pakistan. By his own admission, he entered the United States in 1978. Records maintained by the Department of Homeland Security indicate ZUBERI became a Lawful Permanent Resident ("LPR") in 1984, a status he has maintained since then. ZUBERI has never been a citizen of the United States and is therefore an alien as defined by Title 8, United States Code, Section 1101(a)(3).

8. ZUBERI registered to vote on September 21, 2015, and August 16, 2016. On the 2015 registration, ZUBERI checked the box marked "Yes" following the question, "Are you a U.S. citizen?"

9. Certified "Voting History" records from the Cuyahoga County Board of Elections show that ZUBERI voted in the primary election in 2016, the general election in 2016, the general election in 2017, the primary election in 2020, the general election in 2020 and the general election in 2024. Records indicate that ZUBERI submitted an absentee ballot for the 2024 general election, which took place on November 5, 2024, and included candidates for the office of President, Vice President, Member of the Senate, and Member of the House of Representatives. At all times relevant to the complaint, ZUBERI lived in the Northern District of Ohio and was assigned a voting precinct in the Northern District of Ohio.

10. ZUBERI was interviewed on the front porch of his home on March 9, 2026. When asked about checking the U.S. Citizen box on the 2015 voter registration form, ZUBERI stated, "I may have made a mistake there." When asked about the handwriting on the 2015 and 2016 registration forms, ZUBERI stated, "It's mine. I'm not denying it." ZUBERI also verified his

signatures on both voter registration forms. On both forms, ZUBERI's signature appears next to the declaration "I declare under penalty of election falsification I am a citizen of the United States, will have lived in this state for 30 days immediately preceding the next election, and will be at least 18 years of age at the time of the general election."

11. ZUBERI admitted voting but initially claimed that he voted "maybe one or two times in my life" and that he last voted approximately five years before the March 9, 2026, interview. ZUBERI later stated that he voted twice and that both times were presidential elections. When the interviewing agent read aloud that her records showed that ZUBERI "voted in the primary in 2016, the presidential in 2016 and then in 2017 the general election, does that sound familiar?" ZUBERI responded, "It could be, yeah." The agent continued, "and then 2020 you voted in the primary and presidential and then in 2024 you voted in the presidential?" ZUBERI initially denied voting in 2024 election and said that the information on the form was incorrect but then equivocated and said "I don't think I did vote in 2024, I don't remember that. I don't remember like . . ." ZUBERI claimed he wasn't aware that he couldn't vote until he received a letter from the Ohio Secretary of State approximately one month before the interview.

**CONCLUSION**

12. There is probable cause to believe that on or about November 5, 2024, ARSHED ZUBERI violated Title 18, United States Code, Section 611, by unlawfully voting in a federal

election as an alien. Accordingly, your Affiant requests that a Complaint and Arrest Warrant be issued.

Respectfully submitted,

Michael J. Thomas
Special Agent
U.S. Department of Homeland Security
Investigations (HSI)

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim R. 41(d)(3) on this 1st day of October 2026.

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE